The appeal is dismissed, on the authority of *Appeal of Sam Satovsky*, 1 B. T. A., 22.

---

## Appeal of C. H. MUSSELMAN. Docket No. 160.

An individual taxpayer is entitled to deduct from gross income in his income tax return for 1918 made upon the basis of his books of account kept upon an accrual basis a contribution to a charitable organization shown by his books of account as a 1918 expense but which was not paid in cash until the succeeding year where the liability for the payment was fully incurred in 1918.

Submitted October 21, 1924; decided November 4, 1924.

*J. Marvin Haynes, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Graupner, Lansdon, and Smith.

### FINDINGS OF FACT.

1. The taxpayer is engaged in the cannery business at Biglerville, Pa., under the name and style of C. H. Musselman Co. He had no partner nor associate in the business during 1918.

2. Only one set of books was kept for the company and the taxpayer, in which were entered all the business transactions of the cannery, as well as the individual transactions of the taxpayer.

3. It has been the custom of the taxpayer to give 10 per cent of the combined net income of the cannery and of himself to charity each year, and to enter the amount thereof upon his books of account before they are closed for the year. The books of account are kept on an accrual basis, and the income tax returns of the taxpayer for each year are made directly therefrom.

4. During the year 1918 the appellant entered into an agreement with Mr. Arthur Rice, chairman of Biglerville Borough, in which he offered to match the total subscription of Biglerville Borough up to $500 for United Charities. Under date of November 27, 1918, Mr. Rice wrote to the taxpayer in part as follows:

Just finished my solicitation on the subscription for the United Charities, and find that I have a total amount from the remaining citizens of $375.

Therefore your subscription amounts to $375, which you can pay at your convenience to R. B. Thompson, cashier of Biglerville National Bank.

During the year 1918 the taxpayer entered up the amount of his subscription as a liability on his books of account. The amount of the subscription was paid during the calendar year 1919. ·

5. During the year 1918 the appellant promised Bishop M. C. Lapp, of the Mennonite Board of Missions and Charities, to purchase for a mission of this society in India a multigraph machine. Under date of October 30, 1918, Bishop Lapp advised the taxpayer that the cost of the multigraph machine which he desired would be $405. Under date of December 24, 1918, the taxpayer wrote to Bishop Lapp, at Lima, Ohio, requesting him to send certain information relative to the machine by return mail. The multigraph machine was ordered by Mr. Musselman from the manufacturer at Harrisburg, Pa., for the Mennonite Board of Missions and Charities during the month of December, 1918. The taxpayer entered upon his books of account as a contribution made to the Mennonite Board of Missions and Charities during 1918 the $405 which he had promised to pay for the multigraph machine. The bill for the machine was sent to the taxpayer during the early part of 1919, and payment therefor was made shortly thereafter.

6. The United Charities of Biglerville, Pa., and the Mennonite Board of Missions and Charities are corporations organized and operated exclusively for charitable and religious purposes within the meaning of the term "corporation" as defined in section 1 of the Revenue Act of 1918, and contributions made thereto are deductible from gross income under section 214(a)(11) of the same Act.

7. In making his income tax return for the year 1918, the taxpayer claimed as a deduction from gross income under section 214(a)(11) of the Revenue Act of 1918 the amounts shown as contributions in

paragraphs 4 and 5 above, aggregating $780. In the audit of the tax-payer's return, the Commissioner disallowed the deduction of this amount and has proposed the assessment of an additional tax as a result of such disallowance.

8. A deficiency letter was mailed to the taxpayer on June 12, 1924, and a petition appealing from the assessment of the proposed additional tax was filed with this Board on September 10, 1924.

### DECISION.

The Board is of the opinion that the taxpayer is entitled to deduct from his gross income for 1918 the $375 which he had agreed to pay to the United Charities of Biglerville, but not the $405 which he had promised to pay for a multigraph machine for the Mennonite Board of Missions and Charities. So much of the deficiency in tax as is based upon the disallowance of the $375 contributed to the United Charities of Biglerville is not assessable.

### OPINION.

SMITH: The taxpayer kept his books of account for the year 1918 upon an accrual basis, and his individual return for 1918 was made upon the same basis. Section 212 of the Revenue Act of 1918 provides in part as follows:

(a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * *

Section 214 of the Revenue Act of 1918 provides in part:

(a) That in computing net income there shall be allowed as deductions: (11) Contributions or gifts made within the taxable year * * *.

In the instant case, the Commissioner has not impugned the correctness of the taxpayer's return made upon the basis of the books of account kept upon an accrual basis. He has, however, disallowed the deductions of the contributions to the United Charities of Biglerville, Pa., and to the Mennonite Board of Missions and Charities upon the ground that they were not paid in cash and therefore not "made" within the meaning of section 214(a)(11) of the Revenue Act of 1918. The position of the Commissioner is simply that a contribution is not "made" until there is an actual delivery of the contribution to the person who is to receive it.

The Board is of the opinion that it was not the intention of Congress to differentiate sharply between the payment of expenses and the payment of contributions in determining their deduction from gross income in a tax return made upon an accrual basis. If a liability to make a contribution has actually attached, there appears to be no good reason for holding that it may not be deducted from gross income the same as an expense item which has actually ac-

crued. The word "made" does not necessarily connote payment in cash. In the instant case the taxpayer had become legally bound to contribute $375 to the United Charities of Biglerville, Pa., during the month of November, 1918, and the due date for payment arrived prior to the close of the taxable year. The consideration for the agreement made by the taxpayer with the United Charities of Biglerville was the subscriptions of other citizens to the amount of $375. The contribution is a legal deduction from gross income in the taxpayer's return for 1918 made upon an accrual basis.

From the evidence of record it does not appear that the taxpayer's liability for the payment of $405 for a multigraph machine for the Mennonite Board of Missions and Charities had actually accrued during the year 1918. At December 31, 1918, there existed a promise on the part of the taxpayer to make a contribution, but such promise was without legal consideration, and there is nothing to show, as in the case of the contribution to the United Charities of Biglerville, that liability to make payment actually accrued during 1918. The Board is therefore of the opinion that this item was not a legal deduction from the taxpayer's gross income of 1918.